# COMPOSITE EXHIBIT "B"

# FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>SIXTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>PASCO</u>   COUNTY, FLORIDA

<u>Sean Allen</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>FSST Management Services LLC, Lead Bank, Dustin A Dernier, Velocity Ventures Group LLC,</u>
<u>Clarity Services Inc</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☒ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☒ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

    <u>5</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Fethullah Gulen</u>       Fla. Bar # <u>1045392</u>
        Attorney or party               (Bar # if attorney)

<u>Fethullah Gulen</u>           <u>03/01/2024</u>
(type or print name)         Date

Case 8:24-cv-00948-JLB-CPT   Document 1-2   Filed 04/19/24   Page 5 of 77 PageID 11   DIN: 3

**IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT**
**IN AND FOR PASCO COUNTY, FLORIDA**
**SMALL CLAIMS DIVISION**

SEAN ALLEN,

    *Plaintiff,*

       v.

**FSST MANAGEMENT SERVICES, LLC,**
**d/b/a 605 LENDING, LEAD BANK,**
**DUSTIN A. DERNIER, VELOCITY**
**VENTURES GROUP, LLC,** *and*
**CLARITY SERVICES, INC.,**

    *Defendant*s.

Case No.: _____

**JURY TRIAL DEMANDED**

**COMPLAINT & JURY TRIAL DEMAND**

COMES NOW the Plaintiff, Sean Allen ("Mr. Allen"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendants, FSST Management Services, LLC, *doing business as* 605 Lending ("FSST Management"), Lead Bank, Dustin A. Dernier ("Dernier"), Clarity Services, Inc. ("Clarity"), and Velocity Ventures Group, LLC, *doing business as* Infinity Enterprise Lending Systems ("Infinity") (collectively, the "Defendants"), stating as follows:

**PRELIMINARY STATEMENT**

1.    This is an action for damages not exceeding $8,000, exclusive of fees and costs, brought by Mr. Allen against the Defendants for violations of Florida's *Civil Remedies for Criminal Practices Act* ("CRCPA"), § 772.101, Fla. Stat., *et seq.,* and the *Racketeer Influenced and Corrupt Organizations Act*, 18 U.S.C. § 1961, *et seq.* ("RICO"), and for Unjust Enrichment.

Electronically Filed Pasco Case # 2024SC001267SCAXES 03/01/2024 10:32:36 AM

## JURISDICTION AND VENUE

2.      Jurisdiction arises under the CRCPA, § 772.104, Fla. Stat., the FCCPA, § 559.77, Fla. Stat., RICO, 18 U.S.C. § 1965, and § 34.01, Fla. Stat.

3.      The Defendants are subject to the provisions of the FCCPA, the CRCPA, and RICO and to the jurisdiction of this Court pursuant to § 48.193, Fla. Stat.

4.      Venue is proper in Pasco County, Florida, pursuant to § 47.051, Fla. Stat., because the acts complained of were committed and / or caused by the Defendants within Pasco County.

## PARTIES

### Mr. Allen

5.      Mr. Allen is a natural person residing in Dade City, Pasco County, Florida, and a *Consumer* as defined by the FCCPA, § 559.55(8), Fla. Stat.

### FSST Management

6.      FSST Management is a limited liability company which conducts online lending via its website, 605Lending.com ("605 Lending").

7.      FSST Management purports to be a sovereign enterprise of the Flandreau Santee Sioux Tribe (the "Flandreau Tribe"), a federally recognized Native American Tribe, which uses the address PO Box 305, Flandreau, SD 57028.

8.      605 Lending's loans charge interest rates as high as 700% Annual Percentage Rate ("APR").

### Lead Bank

9.      Lead Bank is a Missouri-chartered bank with a principal business address of 1801 Main St., Kansas City, MO 64108.

10.    Lead Bank's registered agent is Joshua Rowland, 1801 Main St., Kansas City, MO 64108.

### Dernier

11.    Dernier is a natural person and is believed to reside at 4313 Hickory Ln., Blue Springs, MO 64015.

12.    On information and belief, Dernier is the CEO of 605 Lending.

### Infinity

13.    Infinity is a Nevada limited liability company with a principal business address of 4864 Sparks Blvd., Sparks, NV 89436.

14.    The registered agent in Nevada for Infinity is Corporate Creations Network, Inc., 8275 South Eastern Avenue, #200, Las Vegas, NV 89123.

### Clarity

15.    Clarity is a Delaware corporation, with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

16.    Clarity is registered to conduct business as a foreign corporation in the State of Florida, where its Registered Agent is, CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 32301.

17.    Clarity is a nationwide *Consumer Reporting Agency* ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

### 605 Lending Makes Unlawful Loan to Mr. Allen

18.     On or about June 17, 2021, Mr. Allen obtained a loan in the principal amount of $250 (the "**Loan**") from 605 Lending. **SEE PLAINTIFF'S EXHIBIT A.**

19.     The Loan charged an interest rate exceeding 500% annually.

20.     The Loan proceeds were sent through the *Automated Clearing House* ("**ACH**") network into Mr. Allen's bank account in Polk County, Florida.

21.     Shortly thereafter, 605 Lending began debiting Mr. Allen's checking account via the ACH network and withdrawing weekly interest payments.

22.     Mr. Allen repaid the Loan several days later; while his early payment reduced the amount of usurious interest collected by 605 Lending, the loan was still subject to an interest rate exceeding 500% for the time it remained open.

23.     The State of Florida has long recognized that lending money at usurious interest rates is immoral, harmful, and contrary to public policy.

24.     § 687.02(1), Fla. Stat., renders any loan usurious which is made at interest rates **greater than 18%** per year.

25.     § 687.071(3), Fla. Stat., renders loans made with annual interest rates **greater than 45%** a third-degree felony.

26.     § 687.071(7), Fla. Stat. renders any criminally usurious loan void and unenforceable.

27.    Long-standing public policy in Florida confirms the impossibility of the alleged debt. *Richter Jewelry Co. v. Schweinert*, 169 So. 750, 758-59 (Fla. 1935) (criminally usurious loans are "void as against the public policy of the state as established by its Legislature.")

28.    Any person who willfully makes a criminally usurious loan, in addition to subjecting themselves to criminal sanctions, forfeits the right to collect payment for the loan. *Id.*

29.    Indeed, even the recovery of the principal balance made at usurious rates is impermissible under Florida law. *Rollins v. Odom*, 519 So. 2d 652, 656 (Fla. Dist. Ct. App. 1988).

30.    The purpose of the usury statutes is to protect the needy borrower by penalizing the unconscionable money lender. *Stubblefield v. Dunlap*, 148 Fla. 401, 4 So.2d 519 (1941); *see also Pushee v. Johnson*, 123 Fla. 305, 166 So. 847 (1936); *River Hills, Inc. v. Edwards*, 190 So.2d 415 (Fla. 2d DCA 1966).

31.    Florida has taken usury one step further in the consumer loan context through the passing of the Consumer Finance Act, Chapter 516, Florida Statutes (the "Act").

32.    The Act requires licensure and state oversight for lenders issuing loans to Florida consumers in the amount of $25,000 or less. § 516.02(1), Fla. Stat.

33.    The Act further restricts the interest and fees which may be charged by a licensed consumer finance company.

34.    § 516.02(c), Fla. Stat., indicates that any loan which fails to comply with the Act is unenforceable in Florida *even if valid wherever made.*

35.    Thus, Florida has made clear that in order to enforce a consumer loan against a Florida resident, a lender must be licensed in Florida and comply with the Consumer Finance Act.

36.    Mr. Allen's Loan charged an annual interest rate exceeding 500%, more than sixteen times the rate permitted by the Act.

37.    605 Lending is not licensed as a Consumer Finance Company in Florida.

38.    The Loan is thus unenforceable against Mr. Allen, regardless of whether it is valid under tribal law or wherever else it may have been made.

39.    The Loan made to Mr. Allen by 605 Lending included an annual percentage rate that vastly exceeded the maximum lawful interest rate in Florida.

40.    The making, and collection, of the Loan constitutes a felony pursuant to § 687.071(3), Fla. Stat.

41.    Because the Loan was subject to an annual interest rate which vastly exceeded the 45% limit as proscribed in § 687.071(3), Fla. Stat., the Loan was void *ab initio* and unenforceable in Florida, pursuant to § 687.071(7), Fla. Stat.

42.    Any amount repaid on an illegal, usurious debt deemed *void ab initio* by state law constitutes unjust enrichment, even if less than the original amount of the loan. *See, e.g., Williams et al. vs. Big Picture Loans, LLC,* case 3:17-cv-461, E.D. Virginia, July 20, 2021.

43.    Further, the Loan was an *unlawful debt* pursuant to § 772.102(2)(a)(3), Fla. Stat., and 18 U.S.C. § 1961(6).

44.    605 Lending made multiple collection communications to Mr. Allen, via e-mail, and text message.

45.    605 Lending reported the Loan to Clarity, a nationwide *consumer credit reporting agency* ("**CRA**").

46.    By reporting the Loan to a nationwide CRA, 605 Lending was certifying the Loan was a legally valid debt, which it was not.

47.    The actions of 605 Lending thus made clear to Mr. Allen that his credit reports and scores would be adversely impacted if he did not repay the Loan; 605 Lending in essence reported

an illegal, unenforceable debt to the CRAs in order to hold Mr. Allen's credit report hostage in its attempt to ensure payment of the usurious Loan.

48.    Reporting a debt to a CRA is an attempt to collect the debt alleged therein. *See,* e.g., *Edeh v. Midland Credit Management, Inc.,* 748 F. Supp. 2d 1030 (D. Minn. 2010) ("The Court has learned, through its work on countless [Fair Debt Collection Practices Act] cases, that threatening to report and reporting debts to CRAs is one of the most commonly-used arrows in the debt collector's quiver.")

### 605 Lending Is Part of A 'Rent-A-Tribe' Scheme

49.    605 Lending is purportedly owned and operated by FSST Management.

50.    FSST Management claims to be a tribal lending entity wholly owned by the Flandreau Tribe ("Tribe") located in Flandreau, South Dakota.

51.    FSST Management claims to operate and make loans within the Flandreau Tribe's reservation.

52.    However, no significant business activities relating to payday lending occurs on the Flandreau Tribe's reservation in South Dakota, and the tribe receives, at most, 2% of the revenues generated from 605 Lending.

53.    In reality, 605 Lending is operated by, and beneficially owned by, Dernier and his non-tribal investors.

54.    As such, FSST Management is not an "arm of the Flandreau Tribe" and is not entitled to claim a defense based on the Flandreau Tribe's sovereign immunity.

55.    FSST Management's involvement in 605 Lending is superficial, and the Flandreau Tribe simply participates in what is often referred to as a "rent-a-tribe" scheme.

56.    "Rent-a-tribe" schemes refer to enterprises which involve non-tribal payday lenders who create sham relationships with Native American tribes; the tribe charters a tribal corporation and allows the non-tribal owner(s) to operate the loan business as they see fit, in exchange for what is generally 1% to 2% for revenues produced.

57.    The lending business then states – almost always in the fine print at the bottom of their website, as is the case with 605 Lending – that the company is "tribally" owned and as such, is subject to the laws of the tribe only, possessing sovereign immunity from state laws which prohibit usury.

58.    Although the schemes vary somewhat from tribe-to-tribe, no substantial decision-making is exercised by the tribe itself, and all of the substantial business functions are handled off-reservation by the non-tribal owners. In a few instances, the non-tribal owner may employ some actual tribal members in low-level, non-managerial positions, like customer service representative.

59.    The Flandreau Tribe has approximately 726 enrolled members.

60.    The Flandreau Tribe's website fails to make any mention of online lending activities in terms of its economic development programs. *See* https://fsst-nsn.gov/economic-development/.

61.    The Flandreau Tribe and Dernier have a long history of engaging in numerous rent-a-tribe schemes involving online payday lending, dating back to at least 2013.

62.    Dernier was a former manager of the Kansas City-based Rare Moon Media, LLC ("**Rare Moon**"), which ran a web of interrelated companies offering online payday loans at 600% annual interest rates and higher.

63.    These lenders rented post office boxes in small Caribbean countries and claimed to be located outside the United States, despite operating from Overland Park, Kansas.

64.    Around 2013, Rare Moon pivoted from a *faux*-offshore business model to a *faux*-tribal model; the timing coincided with increased scrutiny by state and federal regulatory authorities of "offshore" payday lenders.

65.    As a result, many of Rare Moon's online payday lending companies suddenly relocated from Charleston, Nevis, in the West Indies, to Flandreau, South Dakota, and became "tribally owned" entities, seemingly overnight.

66.    Likewise, the lending enterprises went from supposedly being subject to the laws of the tiny Caribbean nation of Nevis to the laws of the Flandreau Tribe, although the phone numbers, e-mail addresses, hours of operation, website graphics, customer service operations, and all other parts of the business remained unchanged.

67.    As but one example, in 2011, the online payday lender MyNextDayCash.com was owned by Everest Cash Advance and loans were "governed by the laws of Nevis."

68.    A few years later, MyNextDayCash.com suddenly became a "tribally owned" enterprise, claiming it was "owned and operated by FSST Financial Services, LLC, dba MB Marketing, a tribal lending entity wholly owned by the Flandreau Santee Sioux Tribe."

69.    In 2016, Rare Moon was dissolved, and Blue Dart Ventures was incorporated in its place; the two companies shared common addresses, phone numbers, officers/owners, and phone numbers.

70.    Around    this    time,    Rushmore    Financial    began    operations    from RushmoreFinancial.net; the website made short-term loans to consumers at interest rates averaging 700% annually and was supposedly owned by the Flandreau Tribe via FSST Management.

71.      Credit inquiries made by Rushmore Financial to Trans Union and FactorTrust, two nationwide CRAs, show the address associated with Rushmore Financial to be "8900 Indian Creek Parkway, Suite 300, Overland Park, KS 66210, phone (913) 951-8339."

72.      Both the phone number and address belong to Blue Dart Ventures.

73.      After Rushmore Financial ceased its lending operations, it began redirecting potential customers to 605 Lending.com, stating, "We've made some amazing changes and we are excited to offer you a new loan at 605 Lending.com."

### Infinity and Payday Loan Manager

74.      Infinity is a "back-end" services vendor that provides software to analyze, underwrite, service, and collect payday loans.

75.      Infinity states that its software "can support your vision… and your success. We have built the industry's best solution for Payday loan management. Our Business Rules Engine will meet your exact lending model and grow along with you. Schedule ACH transactions and reminder messages for automatic payment processes. Follow-up reminders will keep your CSR's on-task when working customer accounts. Refinancing a loan is as easy as clicking a button. Infinity is built to manage your Payday loan product no matter where you are lending."

76.      Payday Loan Manager is software for operating a payday lending website, including "an integrated ACH provider that automatically handles the crediting and debiting of your loans."

77.      At all times relevant, Infinity's website, infinitysoftware.com, was hosted on servers owned or managed by Infinity, with an IP address of 169.55.60.156. **SEE PLAINTIFF'S EXHIBIT B.**

78.    The web server for 605 Lending is currently located at the IP address 169.55.60.156.

79.    605 Lending was previously hosted on Infinity's server. *Id.*

80.    More than 100 different payday lending websites are hosted by Infinity on the same server, many of which claim sham "tribal" affiliations.

81.    Infinity's website even features testimonials from non-tribal individuals who are, nonetheless, listed as owners or executives of ostensibly "tribal" payday lenders.

82.    One such testimonial is from Dernier, who is identified as "CEO 605 Lending." **SEE PLAINTIFF'S EXHIBIT C.**

83.    Dernier states, "The Infinity Team has helped us grow our start up into something to be very proud of. The entire team has been there for us *every step of the way.*" (*Emphasis added.*) *Id.*

84.    Another testimonial is from John Humphrey, identified as "COO DMP Investments." **SEE PLAINTIFF'S EXHIBIT D.**

85.    DMP Investments LLC is owned by the Texas payday loan magnate William C. Pruett ("**Pruett**"), who operates numerous payday lending businesses, including several operated under a "rent-a-tribe" model, including Sky Trail Cash, supposedly owned by the Lac du Flambeau Tribe (the "**LDF Tribe**") in rural Wisconsin. It makes loans to consumers in many states, including Florida, at interest rates exceeding 700% annually.

86.    Humphrey lavishes praise on Infinity, stating, "Your software platform provided the ideal mix of processing capacity, high availability, and resource scalability that each proved vital components throughout our implementation. We sincerely appreciate the relationship with

our friends at Infinity Software and consider their software platform an indispensable resource in operational landscape." *Id.*

87.    Infinity's website features a video touting how its software features "end-to-end loan process automation" and can "automate the loan collection process for maximum results."

88.    Thus, not only does Infinity provide the "brains" behind 605 Lending's illegal payday loans – providing and managing the software which underwrites and collects loans, including the Loan made by 605 Lending to Mr. Allen in Florida – the software also managed the initiation of the ACH transactions to and from Mr. Allen's checking account. The software was stored and ran on servers belonging to Infinity and accessed by 605 Lending management. Infinity's software and infrastructure is, essentially, the engine driving the illegal loansharking racket.

89.    Infinity received a portion of the profits made off the astronomically high, illegal interest rates charged to Mr. Allen. Infinity knew that its software was facilitating loansharking, and that by providing technology to 605 Lending and Dernier specifically designed to facilitate loansharking, illegal loans were being made to Florida residents such as Mr. Allen.

90.    Infinity frequently purchases consumer credit reports from Clarity, a subsidiary of Experian Information Solutions, Inc. ("**Experian**"), which is based in Clearwater, Florida.

91.    When purchasing credit reports on behalf of lenders, Infinity's name often appears along with the tribal lender's name and the non-tribal beneficial owner of the enterprise. The following is an example of how Clarity records inquiries concerning another payday lender, AvailBlue.com, supposedly owned by the LDF Tribe, and whose IP address is 169.55.60.156:

| Date/Time/Tracking # | Purpose | Type | Company |
|---|---|---|---|
| 12/6/2021  3:17:36 pm EST z1vy97dakn | Credit Application | Online Installment Loan | AvailBlue/Infinity/Insight/MRC Consulting |

92.     Another example shows Infinity's name in requesting a report concerning RapidLoanNow.com, supposedly owned by the Oglala Sioux Tribe in South Dakota, but beneficially operated by Bart Miller, a Kansas City businessman who has operated online payday lenders since the early 2000s and now owns Centrinex:

9/21/2020 10:34:08 am EDT 6x39mzdn9g        Credit Application        Online Installment Loan        Rapid Title Loans/DPS/Infinity/Centrinex

93.     Infinity provides services to a substantial number of online lenders based in Florida, including the Miami-based SkyCashUSA.com[1], an unlicensed Florida lender which makes loans to consumers at interest rates exceeding 700%.

94.     Infinity also provides ongoing services to the Palm City-based Dean Financial Group LLC, which operates the website CashAisle.com and CashAisle.net. Cash Aisle makes loans to consumers at over 700% annual interest.

95.     Not only does Infinity have key business relationships and a considerable number of clients in Florida, but it also advertises its services to online lenders in Florida and seeks to serve the Florida market, thus subjecting it to the jurisdiction of a Florida court. See *Avicolli v. BJ's Wholesale Club, Inc.*, 2021 WL 3471167, at *3 (E.D. Pa. Aug. 6, 2021) (holding a "defendant is properly subject to jurisdiction in a state where it seeks to serve that state's market.")

## How Underwriting For 605 Lending Was Performed

96.     In determining whether to issue the instant Loan, 605 Lending obtained reports from Clarity.

97.     605 Lending then used Infinity's software to analyze the data within the report.

---

[1] The lender and its owner, Efrain Betancourt, were sued by the Securities and Exchange Commission in 2021. The SEC alleged Sky Cash USA was a $66 million Ponzi scheme; Bentancourt used most of the money to fund a lavish lifestyle that included a Miami waterfront condo and a wedding to his fourth wife in Monaco. *SEC: Payday loan scheme bilks investors out of millions,* The Associated Press, December 28, 2021.

98.    Infinity's algorithms processed the CRA data, assigning a proprietary risk score to Mr. Allen.

99.    605 Lending, with the advice of Infinity, unilaterally determined the minimum qualifying score for loan approval, the interest rate, repayment terms, and all other meaningful aspects of the Loan.

100.    The Flandreau Tribe has no role in these matters.

101.    Infinity helps facilitate the charade that the Flandreau Tribe is involved in the making of the Loan, as it has a "tribal approval module," which allows the completed loan documents and details to be transmitted to an FSST Management employee in South Dakota, who simply clicks a box indicating they "approve" the loan, thus allowing Dernier and his non-tribal investors to claim "final approval" of the loan was made on the Flandreau Tribe's soil.

102.    The FSST Management employee is theoretically empowered to reject the preordained outcome of approval, yet this never, or virtually never, happens.

103.    After the seconds-long review by FSST Management "approving" the loan, the loan is funded with money under the express and direct control of Dernier and his non-tribal investors.

104.    Besides lending their names and claim to sovereign immunity, the Flandreau Tribe and FSST Management provide no meaningful involvement in the operation of 605 Lending or the issuance of its loans.

### Clarity Knowingly Facilitates Loansharking

105.    Clarity is a specialty CRA which primarily services the needs of online payday lenders like 605Lending; e.g., lenders making short-term, small-dollar loans at triple-digit interest rates.

106.    Clarity maintains terabytes of proprietary data specifically tailored to assist online, subprime lenders in evaluating potential borrowers, including consumers' checking account histories, employment and salary data, and past payday loan experiences.

107.    Clarity then supplements the data in its reports with information from its parent company, Experian, one of the "Big 3" nationwide CRAs as well as data from other specialty CRAs.

108.    Clarity merges its own data with that obtained from Experian and Chex Systems into one report, which it then sells to online lenders.

109.    Indeed, on June 17, 2021, the date Mr. Allen applied for his Loan from 605 Lending, Clarity sold a consumer report regarding Mr. Allen to 605 Lending. **SEE PLAINTIFF'S EXHIBIT E.**

110.    Clarity's consumer report regarding Mr. Allen was obtained by a non-tribal service provider acting on behalf of 605 Lending.

111.    Clarity has extensive policies in place to conduct due diligence on potential new customers, which includes, in most cases, sending an investigator to the primary business office of the lender.

112.    In situations where a lender is "tribally" owned but obtains consumer reports through a a non-tribal "services provider," Clarity typically sends its investigator to the offices of the service provider.

113.    Clarity also examines the states the lender does business in, and examines the lender's website, including pages which show the interest rates, terms, and fees assessed.

114.    Clarity has had numerous lawsuits filed against it concerning its provisioning of credit reports to online payday lenders with sham tribal affiliation such as 605Lending.

115.    As a result of the extensive litigation, which delved in great detail into "rent-a-tribe" schemes and, moreover, repetitively hammered the fact the loans were made at triple-digit interest rates, Clarity could not plausibly be unaware of the usurious interest rates charged by online lenders, including 605 Lending.

116.    Indeed, Clarity has produced several detailed reports for the online lending industry, such as its 2019 *Alternative Financial Services Lending Trends Insights into the Industry and its Consumers*, which it stated analyzed 350 million loan applications and 25 million loans. Most of the loans were small-dollar, short-term loans made by online lenders.

117.    Thus, at the absolute minimum, Clarity knew that, when furnishing a consumer credit report to 605 Lending, the data it was providing was in connection with the making of a loan at a triple-digit interest rate.

118.    Even if Clarity somehow believed that the Tribe was the true lender of the 605 Lending loans, it knew it was providing tools and assistance to a lender making unlawful loans, since sovereign immunity does not turn an otherwise illegal loan into a legal one and "is simply a common-law immunity from suit traditionally enjoyed by sovereign powers." *United States v. Neff*, No. 18-2282 (3d Cir. Sep. 6, 2019)

119.    While laws restricting the content of credit reports like the Fair Credit Reporting Act ("FCRA") may not strictly require a CRA to investigate the legality of a debt in all instances before incorporating data from an online lender into reports sold, nothing in the FCRA inoculates a CRA from liability under state or federal anti-racketeering laws for furnishing reports for profit to lenders it has reason to know are making unlawful loans.

120.    Indeed, non-natural persons like Clarity outside of a racketeering enterprise can be civilly liable under federal anti-racketeering laws if they "agreed to facilitate a scheme by

providing tools, equipment, cover or space," provided the "facilitation was knowing because the defendant was aware of the broader scheme, even if he was unaware of the particulars." *United States v. Zemlyansky*, 908 F.3d 1 (2d Cir. 2018)

121.    Clarity's assistance in 605 Lending's "rent-a-tribe" scheme is of critical importance.

122.    Absent the trove of data Clarity knowingly supplied for use by 605 Lending, no such loan could have, or would have, been made to Mr. Allen.

123.    Beyond this, Clarity accepts tradeline data from 605 Lending, which data includes loan amounts, payments due, and payment history.

124.    Because Clarity receives tradeline data concerning loans made by 605 Lending concerning thousands of consumers, it is well aware of the broader scheme of the other Defendants' conspiracy, since it gets a birds-eye view of the lending racket involving thousands of loans made by 605lending.com — every single one of which is made at triple-digit interest rates.

125.    Indeed, 605 Lending, or its service provider, reported Mr. Allen's Loan to Clarity.

126.    Clarity also periodically receives disputes from consumers about 605 Lending tradeline data, alleging the loans are usurious and unenforceable.

127.    Moreover, Clarity spends what is likely hundreds of thousands of dollars each year promoting itself and its services directly to online lenders like 605 Lending.

128.    For example, Clarity was a "Gold Level" sponsor of the OLA 2022 Tribal Lending Conference; one of its employees, Paul Mitchell, a Senior Account Executive, was also a speaker at the conference and gave insights into what kind of consumers are likely to look for, and accept the terms of, with "tribal" payday lenders.

129.   For years, courts have recognized the power of credit reporting to procure payment. A creditor's "ability to report on the credit habits of its customers is a powerful tool designed, in part, to wrench compliance with payment terms." *Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993).

### Lead Bank's Role

130.   Lead Bank provides ACH and debit card payment processing services to the "tribal" online lending industry.

131.   Lead Bank's website states it services "those industries and people that have traditionally experienced a more challenging time accessing traditional banking services, like payment processing solutions. Therefore, we specialize in working with online lenders, state licensed lenders, **tribal entities**, third party payroll processors, money service businesses and others." (**Emphasis added**). *See* https://lead.bank/business/payments, accessed June 23, 2023.

132.   Lead Bank processes ACH payments for 605 Lending, something it hardly attempts to keep secret; Lead Bank's website contains a testimonial from Dernier, stating: "Using Lead Bank as our commercial banking and payments solutions partner has always been an asset for our business." **SEE PLAINTIFF'S EXHIBIT F.**

133.   Lead Bank processes ACH and debit card payments for a large number of entities in the online payday lending industry, including Uprova, a "tribally owned" entity which makes loans at interest rates as high as 750% annually.

134.   Lead Bank profits tremendously by providing access to the ACH network which online payday lenders like 605 Lending critically need to function, as almost no other banks are willing to process ACH transactions for online lenders charging 700% interest to consumers in states where such loans are illegal.

135.    The ACH network is administrated by the *National Automated Clearing House Association* ("**NACHA**"), which implements numerous requirements which participating payment processors must meet.

136.    One such requirement is that *Originating Depository Financial Institutions* ("**ODFIs**") must gather detailed information about the business operations of their customers to whom they grant access to the ACH network.

137.    The ODFIs "are the gatekeepers of the ACH Network." *2013 NACHA Operating Rules, Section 2.1 General Rule – ODFI is Responsible for Entries and Rules Compliance (2013 NACHA Operating Rules & Guidelines, Page OR4).*

138.    In 2013, the United States Department of Justice ("**DOJ**") initiated Operation Choke Point and investigated many banks that processed ACH transactions for payday lenders, as well as other companies believed to be at a high risk for fraud and money laundering.

139.    As a result of this investigation, many larger banks, including Capital One Bank and Fifth Third Bank, terminated ACH processing for payday lenders.

140.    In March 2015, the DOJ announced a civil and criminal settlement with CommerceWest Bank due, in large part, to the bank's processing of payday loan fees.

141.    Although Operation Choke Point wound down in August 2017, its effects are still felt today by the online payday lending industry, as no large banks – and only a miniscule number of small banks, like Lead Bank – will knowingly process ACH transactions for payday lenders.

142.    Lead Bank is aware that "high risk" is synonymous with "high profits."

143.    Small, low-risk businesses typically pay 5 to 10 cents per ACH transaction; larger businesses pay a fraction of a penny per transaction.

144.    In contrast, it is not unusual for "high risk" processors like Lead Bank to charge 2% to 10% of the total dollar amount processed, meaning it can pocket as much as $15 on a $150 transaction.

145.    These exorbitant fees provide a strong motivation for Lead Bank to process payments for loan sharks like 605 Lending which cannot simply take their business elsewhere and obtain better pricing, having little choice but to pay the fees asked by Lead Bank.

146.    Lead Bank processes a large amount of legitimate ACH and debit card transactions, albeit at much lower fees; this allows Lead Bank to bury illegitimate transactions in a soup of legitimate ones.

147.    At all times relevant, all of the Defendants sought to serve the Florida market, as did 605 Lending.

148.    Therefore, the Defendants are subject to the jurisdiction of a Florida court. *See Avicolli v. BJ's Wholesale Club, Inc.*, 2021 WL 3471167, at *3 (E.D. Pa. Aug. 6, 2021) (holding a "defendant is properly subject to jurisdiction in a state where it seeks to serve that state's market.")

149.    RICO defines an "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).

150.    In *Boyle v. United States*, the Supreme Court recognized that RICO's definition of enterprise was "obviously broad" and included an "association in fact" enterprise. 556 U.S. 938, 944 (2009).

151.    Thus, an enterprise may be a legally recognized entity like a corporation or an "association in fact enterprise," *i.e.*, "a group of persons associated together for a common purpose

of engaging in a course of conduct." *United States v. Turkette*, 452 U.S. 576, 583 (1981); *Boyle*, 556 U.S. at 948 ("[A]n association-in-fact enterprise is simply a continuing unit that functions with a common purpose.").

152.    Here, FSST Management, Lead Bank, Dernier, Infinity, and Clarity are an association in fact enterprise that collaborated together for the common purpose of making, collecting, and profiting off illegal loans.

153.    Each of the Defendants' assistance in the 605 Lending "rent-a-tribe" scheme is of critical importance.

154.    Mr. Allen has made payments of at least $261 to 605 Lending for the null, void, and unenforceable loan made to him.

155.    Mr. Allen has been damaged in that he has paid one or more of the Defendants for a loan that was void and usurious pursuant to Florida law.

156.    Mr. Allen has hired the aforementioned law firm to represent him in this matter and has assigned his right to fees and costs to such firm.

## COUNT I
## DEFENDANTS' JOINT & SEVERAL VIOLATIONS OF THE
## CRCPA, § 772.103(3), FLA. STAT.

157.    Mr. Allen adopts and incorporates Paragraphs 1 – 156 as if fully restated herein.

158.    The Defendants, through their participation in the furtherance of the 605 Lending scheme, along with the Flandreau Tribe, and other persons, natural and otherwise, constitute an *Enterprise* under the CRCPA, § 772.102(3), Fla. Stat.

159.    The Loan charged an interest rate far in excess of Florida's maximum permitted rate and, thus, the Loan constitutes an *Unlawful Debt* under § 772.102(2), Fla. Stat.

160.    Violations of Chapter 687, Fla. Stat., amount to *Criminal Activity* as defined in § 772.101(1)(a), Fla. Stat.

161.    The Loan to Mr. Allen is but one in a pattern of illegal loans issued to Florida consumers by 605 Lending.

162.    The Defendants each associated with the enterprise and participated in the affairs of the enterprise as described in detail herein, which existed for the purpose of collection of unlawful debt.

163.    The Defendants each participated in this conspiracy. FSST Management and Dernier operated 605 Lending, Lead Bank provided critical access to the ACH network, Clarity sold credit reports to 605 Lending regarding Mr. Allen, and Infinity designed and licensed the software utilized by 605 Lending to review Mr. Allen's eligibility for the loan and performed various tasks in servicing the loan.

164.    The Defendants' participation in the enterprise violated **§ 772.103(3), Fla. Stat.,** and caused Mr. Allen to repay amounts on the unlawful Loan.

**WHEREFORE,** Mr. Allen respectfully requests this Honorable Court enter judgment against the Defendants, jointly and severally, ordering:

a.    Threefold the amount of actual damages or, in the alternate, the statutory minimum of **$200**, whichever is greater, pursuant to § 772.104(1), Fla. Stat.;

b.    Reasonable costs and attorneys' fees pursuant to § 772.104(1), Fla. Stat.; and,

c.    Any other relief this Court deems equitable and proper under the circumstances.

**COUNT II**
**DEFENDANTS' JOINT & SEVERAL VIOLATIONS OF THE**
**CRCPA, § 772.103(4), FLA. STAT.**

165.    Mr. Allen adopts and incorporates Paragraphs 1 – 156 as if fully restated herein.

166.    The Defendants, through their participation in the furtherance of the 605 Lending scheme, along with the Flandreau Tribe, and other persons, natural and otherwise, constitute an *Enterprise* under the CRCPA, § 772.102(3), Fla. Stat.

167.    As described in detail herein, the Defendants are a group of individuals and entities associated in fact, although they are not a single legal entity. Particularly, Defendants FSST Management and Dernier operated essential functions of 605 Lending. Lead Bank is associated in fact by virtue of providing access to the ACH network, a key element to the conspiracy. Infinity is associated in fact by its role in providing necessary software and underwriting ability to 605 Lending, and also its role in loan servicing. Clarity is associated in fact because it sold credit reports regarding Mr. Allen to 6305 Lending, which provided the information needed to approve the Loan.

168.    The Loan charged an interest rate far in excess of Florida's maximum permitted rate and, thus, the Loan constitutes an *Unlawful Debt* under § 772.102(2), Fla. Stat.

169.    The Defendants violated **§ 772.103(4), Fla. Stat.** by conspiring with each other, and other persons and entities, to issue and collect unlawful debts through 605 Lending.

170.    The Defendants were aware of the goals of the enterprise and each took actions in furtherance of this conspiracy. For example, at various times, the Defendants have: (a) issued the Loan to Mr. Allen; (b) requested and obtained a consumer credit report regarding Mr. Allen; (c) designed and license software utilized by 605 Lending to review Mr. Allen's eligibility for the loan; (d) initiated ACH deposits and withdrawals to and from Mr. Allen's bank account; (e) attempted collection of the Loan; (f) sold credit reports regarding Mr. Allen; and, (g) reported Mr. Allen's Loan to Clarity.

171.    The Defendants each agreed to participate in the conspiracy and agreed to the overall objective of the conspiracy – to collect unlawful debts through 605 Lending.

**WHEREFORE,** Mr. Allen respectfully requests this Honorable Court enter judgment against the Defendants, jointly and severally, ordering:

a.    Threefold the amount of actual damages, or in the alternate, the statutory minimum of **$200**, whichever is greater, pursuant to § 772.104(1), Fla. Stat.;

b.    Reasonable costs and attorneys' fees pursuant to § 772.104(1), Fla. Stat.; and,

c.    Any other relief this Court deems equitable and proper under the circumstances.

## COUNT III
## DEFENDANTS' JOINT & SEVERAL VIOLATIONS OF RICO, 18 U.S.C. § 1962(c)

172.    Mr. Allen adopts and incorporates Paragraphs 1 – 156 as if fully restated herein.

173.    The Defendants, through their participation in the furtherance of the 605 Lending scheme, along with the Flandreau Tribe, and other persons, natural and otherwise, constitute an *Enterprise* as defined by 18 U.S.C. § 1961(4).

174.    The Loan charged an interest rate far in excess of Florida's maximum permitted rate, and thus the Loan was an *Unlawful Debt* pursuant to 18 U.S.C. § 1961(6).

175.    The Defendants each associated with the enterprise and participated in the affairs of the enterprise as described in detail herein, which existed for the purpose of collection of unlawful debt.

176.    The Defendants' participation in the enterprise violated **18 U.S.C § 1962(c)** and caused Mr. Allen to repay amounts on the unlawful Loan.

**WHEREFORE,** Mr. Allen respectfully requests this Honorable Court enter judgment against the Defendants, jointly and severally, ordering:

a.    Threefold the amount of actual damages;

b.    Reasonable costs and attorneys' fees pursuant to 18 U.S.C § 1964(c);

c.    Any other relief this Court deems equitable and proper under the circumstances.

## COUNT IV
## DEFENDANTS' JOINT & SEVERAL VIOLATIONS OF
## RICO, 18 U.S.C § 1962(d)

177.    Mr. Allen adopts and incorporates Paragraphs 1 – 156 as if fully restated herein.

178.    The Defendants, through their participation in the furtherance of the 605 Lending scheme, along with the Flandreau Tribe, and other persons, natural and otherwise, constitute an *Enterprise* as defined by 18 U.S.C. § 1961(4).

179.    The Loan charged an interest rate far in excess of Florida's maximum permitted rate, and thus the Loan was an *Unlawful Debt* pursuant to 18 U.S.C. § 1961(6).

180.    The Defendants violated **18 U.S.C § 1962(d)** by conspiring with each other, and other entities and individuals, to issue and collect unlawful debts through 605 Lending.

181.    The Defendants were each aware of the goals of the enterprise and each took actions in furtherance of this conspiracy. For example, at various times, the Defendants have: (a) issued the Loan to Mr. Allen; (b) requested and obtained a consumer credit report regarding Mr. Allen; (c) designed and license software utilized by 605 Lending to review Mr. Allen's eligibility for the loan; (d) initiated ACH deposits and withdrawals to and from Mr. Allen's bank account; (e) attempted collection of the Loan; (f) sold a credit report regarding Mr. Allen; and, (g) reported Mr. Allen's Loan to Clarity.

182.    The Defendants each agreed to participate in the conspiracy and agreed to the overall objective of the conspiracy – to collect unlawful loans through 605 Lending.

**WHEREFORE,** Mr. Allen respectfully requests this Honorable Court enter judgment against the Defendants, jointly and severally, ordering:

a.    Threefold the amount of actual damages;

b.    Reasonable costs and attorneys' fees pursuant to 18 U.S.C § 1964(c);

c.    Any other relief this Court deems equitable and proper under the circumstances.

**COUNT V**
**UNJUST ENRICHMENT**
**FSST Management Only**

183.    Mr. Allen adopts and incorporates paragraphs 1 – 156 as if fully stated herein.

184.    Mr. Allen conferred a benefit to FSST Management in the form of payments to FSST Management, doing business as 605 Lending.

185.    FSST Management had no legal right to the collection of these payments and was therefore unjustly enriched.

186.    Any amount repaid on an illegal, usurious debt deemed void *ab initio* by state law constitutes unjust enrichment, even if less than the original amount of the loan. *See, e.g., Williams et al. vs. Big Picture Loans, LLC*, case 3:17-cv-461, E.D. Virginia, July 20, 2021.

187.    FSST Management knew that it had no legal right to the collection of these payments, as evidenced by its business model, but chose to accept the funds from FSST Management regardless.

**WHEREFORE,** Mr. Allen respectfully requests this Honorable Court enter judgment against FSST Management, and for him, for:

a.    Actual damages for the payments conferred to FSST Management pursuant to the void Loan; and,

b.    Any other relief this Court deems equitable and proper under the circumstances.

## <u>DEMAND FOR JURY TRIAL</u>

Mr. Allen hereby demands a jury trial on all issues so triable.

Respectfully submitted on February 29, 2024, by:

**SERAPH LEGAL, P. A.**

*/s/ Fethullah Gulen*
Fethullah Gulen, Esq.
Florida Bar Number: 1045392
FGulen@seraphlegal.com
2124 W Kennedy Blvd, Suite A
Tampa, FL 33606
Tel: 813-567-1230
Fax: 855-500-0705
*Counsel for Plaintiff,*
*Sean Allen*

## <u>ATTACHED EXHIBIT LIST</u>
A     Mr. Allen's Clarity Consumer Disclosure, July 13, 2023, 605 Lending Tradeline – Excerpt
B     Server Location of IP Address 169.55.60.156
C     Dustin Dernier Infinity Testimonial
D     John Humphrey Infinity Testimonial
E     605 Lending Inquiry
F     Dernier's Testimonial on Lead Bank's Website

# PLAINTIFF'S EXHIBIT A
## Mr. Allen's Clarity Consumer Disclosure, July 13, 2023
## 605 Lending Tradeline - Excerpt

### Clarity Report for ALLEN, SEAN

7/13/2023

### Consumer

Name
ALLEN, SEAN

Address
███████████
DADE CITY, FL 33525

Reference Number
███████████

### Notices

Enclosed is a copy of your Clarity Credit Report and/or Clarity Credit Score, a "Summary of Your Rights Under the Fair Credit Reporting Act", and any applicable state rights for you. Below you can find links to help you read and understand this document.

If you wish to dispute information contained in your report, please call us to explain your dispute. You may also provide additional documentation to support your dispute, but it is not required. If you requested your Clarity Credit Report, but not your Clarity Credit Score, you may request and obtain a Clarity Credit Score.

OFAC score and flag values are derived from information maintained by the Office of Foreign Assets Control, a division of the U.S. Department of Treasury. Social Security Pre-Randomization and Deceased values are derived from information maintained by the Social Security Administration.

The latest information on how to read your Clarity consumer file disclosure can be found at:

https://consumersupport.clarityservices.com/how_to_read_report

The latest information on how to read your Clarity Credit Score can be found at:

https://consumersupport.clarityservices.com/how_to_read_score

Disclaimer: This consumer report may contain personally identifiable information, and may be used only in accordance with all regulatory guidelines. © 2009 - 2023 Clarity Services Inc. All Rights Reserved

# PLAINTIFF'S EXHIBIT A
## Mr. Allen's Clarity Consumer Disclosure, December 30, 2022
## 605 Lending Tradeline - Excerpt

Account #5

**Consumer**

| | | | |
|---|---|---|---|
| Name: | ALLEN, SEAN | Date of Birth: | ████ |
| Address: | ████ DADE CITY FL 33525 | | |
| Bank Routing Number: | ████ | Bank Account Number: | ████ |
| Phone Number: | ████ | | |

**Current**

| | | | |
|---|---|---|---|
| Account #: | ████ | Company: | 605 Lending |
| Account Type: | Online Installment Loan | Credit Limit: | |
| Ownership: | Individual | Current Loan Amount: | $250 |
| Number of Payments: | 24 | Current Balance: | $0 |
| Payment Frequency: | Weekly Only | Past Due: | $0 |
| Open Date: | 6/17/2021 | Actual Payment: | $261 |
| First Due Date: | 6/24/2021 | Next Payment Amount: | $0 |
| Last Update Date: | 6/18/2021 | Status: | Closed/Paid |
| Delinquency Date: | | Closed Date: | 6/18/2021 |
| Payment History: | 0 | Closed Status: | |
| Comment: | | | |
| Consumer Dispute: | | | |

**Historical**

| | | | |
|---|---|---|---|
| Original Account Type: | Online Installment Loan | Original Loan Amount: | $250 |
| First Payment Date: | 6/18/2021 | First On-Time Payment Date: | |
| Last Payment Date: | 6/18/2021 | Last On-Time Payment Date: | |
| Total Late Payments: | 0 | Collections (#): | 0 |
| Amount of Late Payments: | $0 | Total Collections: | $0 |
| Total Days Late: | 0 | Days in Collections: | 0 |
| Largest Late Payment: | 0 | Last Collection Date: | |
| Charged Off Date: | | Worst Payment Status: | Current |
| Charge Off Amount: | | First Closed Date: | 6/18/2021 |

Page 6 of 21

## PLAINTIFF'S EXHIBIT B
### Server Location of IP Address 169.55.60.156



## PLAINTIFF'S EXHIBIT C
### Dustin Dernier Infinity Testimonial

## THE MOST TRUSTED LOAN MANAGEMENT PLATFORM IN OUR INDUSTRY



**—Dustin Dernier, CEO 605 Lending**

*"Infinity Software is forever evolving and is a breeze to learn and use! The Infinity Team has helped us grow our start up into something to be very proud of.  The entire team has been there fo...*
***Read More...***

★ ★ ★ ★ ★

## PLAINTIFF'S EXHIBIT D
### John Humphrey Infinity Testimonial



**THE MOST TRUSTED LOAN MANAGEMENT PLATFORM IN OUR INDUSTRY**

★ ★ ★ ★ ★

*"Your software platform provided the ideal mix of processing capacity, high availability, and resource scalability that each proved vital components throughout our implementation. We sincerely appreciate the relationship with our friends at Infinity Software and consider their software platform an indispensable resource in operational landscape."*

***Read Less***



**—John Humphrey, COO** DMP Investments

# PLAINTIFF'S EXHIBIT E
## 605 Lending Inquiry

| 6/17/2021  3:02:40 am EDT 5b4yj2r7p7 | Credit Application | Online Installment Loan | 605 Lend |
|---|---|---|---|



## PLAINTIFF'S EXHIBIT F
### Dernier's Testimonial on Lead Bank's Website





IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY FLORIDA

Sean Allen
_____
                **Plaintiff(s)**

       -vs-

FSST Management Services, LLC, et al.,
_____
                **Defendant(s)**

Case Number: _____

Division: _____

## SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE

STATE OF FLORIDA - NOTICE TO PLAINTIFF(s) AND DEFENDANT(s)

Plaintiff's Name(s) and Address(es):

Sean Allen
c/o Fethullah Gulen, Esq.
2124 W. Kennedy Blvd., Suite A, Tampa, FL 33606

Defendant's Name(s) and Address(es):

FSST Management, LLC c/o The Flandreau Santee Sioux Tribe
PO Box 305
Flandreau, SD 57028

YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at the:
Courtroom: _____, located at _____
on _____ at _____ for a PRETRIAL
CONFERENCE before the Honorable _____.

## IMPORTANT - READ CAREFULLY
## THE CASE WILL NOT BE TRIED AT THAT TIME
## DO NOT BRING WITNESSES - APPEAR IN PERSON OR BY ATTORNEY

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the Court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney at the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

Any business entity recognized under Florida law may be represented at any stage of the trial court proceedings by any principal of the business entity who has legal authority to bind the business entity or any employee authorized in writing by a principal of the business entity. A principal is defined as being an officer, member, managing member, or partner of the business entity. Written authorization must be brought to the Pretrial Conference.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute; state what efforts have been

made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses; stipulate to the facts that will require no proof and will expedite the trial; and estimate how long it will take to try the case.

Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in imposition of costs and attorneys' fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the Court. The Court may or may not approve a payment plan and withhold judgment or execution or levy.

**RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any 1 or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suite may be filed, where payment is to be made.**

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff(s) attorney, if any.

Pursuant to Fla. Sm. Cl. Rule 7.100 regarding Counterclaims: If a defendant has a claim or setoff against a plaintiff that arises out of the same transaction or occurrence which is the subject matter of the plaintiff's claim, the counterclaim or setoff shall be filed not less than 5 days before the initial appearance date (pretrial conference), or within such time as the court designates, or it is abandoned. If a defendant has a claim or setoff against a plaintiff that does not arise out of the same transaction or occurrence which is the subject matter of the plaintiff's claim, then the counterclaim or setoff may be filed not less than 5 days before the initial appearance date (pretrial conference) or within such time as the court designates, and tried, providing that such permissive claim is within the jurisdiction of the court. Counterclaims and setoffs shall be filed in writing with the clerk of court and served on the plaintiff or to the attorney of the plaintiff if the plaintiff is represented by an attorney. If additional time is needed to prepare a defense, the court may continue the action.

A copy of the statement of claim shall be served with this summons/notice to appear.

Issued on _____.

(seal)

By: _____
         Deputy Clerk

Office of Nikki Alvarez-Sowles, Esq.
Pasco County Clerk & Comptroller

NOTICE - Proper dress is required for court or you may be held in contempt or refused admittance. NO shorts, tank tops, undershirts, etc.

Small Claims Summons Notice to Appear
R10/16/20

## <u>FOR PROCEEDINGS BEFORE THE COURTS OF PASCO COUNTY</u>

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact either the Pasco County Customer Service Center, 8731 Citizens Drive, New Port Richey, FL 34654, (727) 847-2411 (V) or the Pasco County Risk Management Office, 7536 State Street, New Port Richey, FL 34654, (727) 847-8028 (V) at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Issued: _____

Copy to:
Fethullah Gulen, Esq.
FGulen@seraphlegal.com
813-567-1230

IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY FLORIDA

Sean Allen
_____
                    **Plaintiff(s)**

-VS-

FSST Management Services, LLC, et al.,
_____
                    **Defendant(s)**

Case Number: _____

Division: _____

## SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE

**STATE OF FLORIDA - NOTICE TO PLAINTIFF(s) AND DEFENDANT(s)**

Plaintiff's Name(s) and Address(es):

| Sean Allen |
| c/o Fethullah Gulen, Esq. |
| 2124 W. Kennedy Blvd., Suite A, Tampa, FL 33606 |

Defendant's Name(s) and Address(es):

| Lead Bank c/o Joshua Rowland |
| 1801 Main St |
| Kansas City, MO 64108 |

YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at the:
Courtroom: _____, located at _____
on _____ at _____ for a PRETRIAL
CONFERENCE before the Honorable _____.

### IMPORTANT - READ CAREFULLY
### THE CASE WILL NOT BE TRIED AT THAT TIME
### DO NOT BRING WITNESSES - APPEAR IN PERSON OR BY ATTORNEY

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the Court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney at the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

Any business entity recognized under Florida law may be represented at any stage of the trial court proceedings by any principal of the business entity who has legal authority to bind the business entity or any employee authorized in writing by a principal of the business entity. A principal is defined as being an officer, member, managing member, or partner of the business entity. Written authorization must be brought to the Pretrial Conference.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute; state what efforts have been

made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses; stipulate to the facts that will require no proof and will expedite the trial; and estimate how long it will take to try the case.

Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in imposition of costs and attorneys' fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the Court. The Court may or may not approve a payment plan and withhold judgment or execution or levy.

**RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any 1 or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suite may be filed, where payment is to be made.**

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff(s) attorney, if any.

Pursuant to Fla. Sm. Cl. Rule 7.100 regarding Counterclaims: If a defendant has a claim or setoff against a plaintiff that arises out of the same transaction or occurrence which is the subject matter of the plaintiff's claim, the counterclaim or setoff shall be filed not less than 5 days before the initial appearance date (pretrial conference), or within such time as the court designates, or it is abandoned. If a defendant has a claim or setoff against a plaintiff that does not arise out of the same transaction or occurrence which is the subject matter of the plaintiff's claim, then the counterclaim or setoff may be filed not less than 5 days before the initial appearance date (pretrial conference) or within such time as the court designates, and tried, providing that such permissive claim is within the jurisdiction of the court. Counterclaims and setoffs shall be filed in writing with the clerk of court and served on the plaintiff or to the attorney of the plaintiff if the plaintiff is represented by an attorney. If additional time is needed to prepare a defense, the court may continue the action.

A copy of the statement of claim shall be served with this summons/notice to appear.

Issued on _____.

(seal)

By: _____
              Deputy Clerk

Office of Nikki Alvarez-Sowles, Esq.
Pasco County Clerk & Comptroller

<u>NOTICE</u> - Proper dress is required for court or you may be held in contempt or refused admittance. NO shorts, tank tops, undershirts, etc.

## <u>FOR PROCEEDINGS BEFORE THE COURTS OF PASCO COUNTY</u>

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact either the Pasco County Customer Service Center, 8731 Citizens Drive, New Port Richey, FL 34654, (727) 847-2411 (V) or the Pasco County Risk Management Office, 7536 State Street, New Port Richey, FL 34654, (727) 847-8028 (V) at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Issued: _____

Copy to:
Fethullah Gulen, Esq.
FGulen@seraphlegal.com
813-567-1230

Small Claims Summons Notice to Appear
R10/16/20

IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY FLORIDA

Sean Allen
_____
**Plaintiff(s)**

-vs-

FSST Management Services, LLC, et al.,
_____
**Defendant(s)**

Case Number: _____

Division: _____

## SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE

STATE OF FLORIDA - NOTICE TO PLAINTIFF(s) AND DEFENDANT(s)

Plaintiff's Name(s) and Address(es):

> Sean Allen
> c/o Fethullah Gulen, Esq.
> 2124 W. Kennedy Blvd., Suite A, Tampa, FL 33606

Defendant's Name(s) and Address(es):

> Dustin A. Dernler
> 4313 Hickory Lane
> Blue Springs, MO 64015

YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at the:
Courtroom: _____, located at _____
on _____ at _____ for a PRETRIAL
CONFERENCE before the Honorable _____.

## IMPORTANT - READ CAREFULLY
## THE CASE WILL NOT BE TRIED AT THAT TIME
## DO NOT BRING WITNESSES - APPEAR IN PERSON OR BY ATTORNEY

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the Court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney at the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

Any business entity recognized under Florida law may be represented at any stage of the trial court proceedings by any principal of the business entity who has legal authority to bind the business entity or any employee authorized in writing by a principal of the business entity.  A principal is defined as being an officer, member, managing member, or partner of the business entity. Written authorization must be brought to the Pretrial Conference.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute; state what efforts have been

made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses; stipulate to the facts that will require no proof and will expedite the trial; and estimate how long it will take to try the case.

Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in imposition of costs and attorneys' fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the Court. The Court may or may not approve a payment plan and withhold judgment or execution or levy.

**RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any 1 or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suite may be filed, where payment is to be made.**

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff(s) attorney, if any.

Pursuant to Fla. Sm. Cl. Rule 7.100 regarding Counterclaims: If a defendant has a claim or setoff against a plaintiff that arises out of the same transaction or occurrence which is the subject matter of the plaintiff's claim, the counterclaim or setoff shall be filed not less than 5 days before the initial appearance date (pretrial conference), or within such time as the court designates, or it is abandoned. If a defendant has a claim or setoff against a plaintiff that does not arise out of the same transaction or occurrence which is the subject matter of the plaintiff's claim, then the counterclaim or setoff may be filed not less than 5 days before the initial appearance date (pretrial conference) or within such time as the court designates, and tried, providing that such permissive claim is within the jurisdiction of the court. Counterclaims and setoffs shall be filed in writing with the clerk of court and served on the plaintiff or to the attorney of the plaintiff if the plaintiff is represented by an attorney. If additional time is needed to prepare a defense, the court may continue the action.

A copy of the statement of claim shall be served with this summons/notice to appear.

Issued on _____.

(seal)                                     By: _____
                                                  Deputy Clerk

                                              Office of Nikki Alvarez-Sowles, Esq.
                                              Pasco County Clerk & Comptroller

NOTICE - Proper dress is required for court or you may be held in contempt or refused admittance. NO shorts, tank tops, undershirts, etc.

Small Claims Summons Notice to Appear
R10/16/20

## FOR PROCEEDINGS BEFORE THE COURTS OF PASCO COUNTY

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact either the Pasco County Customer Service Center, 8731 Citizens Drive, New Port Richey, FL 34654, (727) 847-2411 (V) or the Pasco County Risk Management Office, 7536 State Street, New Port Richey, FL 34654, (727) 847-8028 (V) at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Issued: _____

Copy to:
Fethullah Gulen, Esq.
FGulen@seraphlegal.com
813-567-1230

Small Claims Summons Notice to Appear
R10/16/20

Case 8:24-cv-00948-JLB-CPT   Document 1-2   Filed 04/19/24   Page 48 of 77 PageID 54

DIN: 7

IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY FLORIDA

Sean Allen
_____
                    **Plaintiff(s)**

        -vs-

FSST Management Services, LLC, et al.,
_____
                    **Defendant(s)**

Case Number: _____

Division: _____

## SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE

STATE OF FLORIDA - NOTICE TO PLAINTIFF(s) AND DEFENDANT(s)

Plaintiff's Name(s) and Address(es):

Sean Allen
c/o Fethullah Gulen, Esq.
2124 W. Kennedy Blvd., Suite A, Tampa, FL 33606

Defendant's Name(s) and Address(es):

Velocity Ventures Group, LLC c/o Corporate Creations Network, Inc.
8275 South Eastern Avenue, #200
Las Vegas, NV 89123

YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at the:
Courtroom: _____, located at _____
on _____ at _____ for a PRETRIAL
CONFERENCE before the Honorable _____.

## IMPORTANT - READ CAREFULLY
## THE CASE WILL NOT BE TRIED AT THAT TIME
## DO NOT BRING WITNESSES - APPEAR IN PERSON OR BY ATTORNEY

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the Court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney at the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

Any business entity recognized under Florida law may be represented at any stage of the trial court proceedings by any principal of the business entity who has legal authority to bind the business entity or any employee authorized in writing by a principal of the business entity.  A principal is defined as being an officer, member, managing member, or partner of the business entity. Written authorization must be brought to the Pretrial Conference.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute; state what efforts have been

made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses; stipulate to the facts that will require no proof and will expedite the trial; and estimate how long it will take to try the case.

Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in imposition of costs and attorneys' fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the Court. The Court may or may not approve a payment plan and withhold judgment or execution or levy.

**RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any 1 or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suite may be filed, where payment is to be made.**

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff(s) attorney, if any.

Pursuant to Fla. Sm. Cl. Rule 7.100 regarding Counterclaims: If a defendant has a claim or setoff against a plaintiff that arises out of the same transaction or occurrence which is the subject matter of the plaintiff's claim, the counterclaim or setoff shall be filed not less than 5 days before the initial appearance date (pretrial conference), or within such time as the court designates, or it is abandoned. If a defendant has a claim or setoff against a plaintiff that does not arise out of the same transaction or occurrence which is the subject matter of the plaintiff's claim, then the counterclaim or setoff may be filed not less than 5 days before the initial appearance date (pretrial conference) or within such time as the court designates, and tried, providing that such permissive claim is within the jurisdiction of the court. Counterclaims and setoffs shall be filed in writing with the clerk of court and served on the plaintiff or to the attorney of the plaintiff if the plaintiff is represented by an attorney. If additional time is needed to prepare a defense, the court may continue the action.

A copy of the statement of claim shall be served with this summons/notice to appear.

Issued on _____.

(seal)

By: _____

       Deputy Clerk

       Office of Nikki Alvarez-Sowles, Esq.
       Pasco County Clerk & Comptroller

<u>NOTICE</u> - Proper dress is required for court or you may be held in contempt or refused admittance. NO shorts, tank tops, undershirts, etc.

## <u>FOR PROCEEDINGS BEFORE THE COURTS OF PASCO COUNTY</u>

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact either the Pasco County Customer Service Center, 8731 Citizens Drive, New Port Richey, FL 34654, (727) 847-2411 (V) or the Pasco County Risk Management Office, 7536 State Street, New Port Richey, FL 34654, (727) 847-8028 (V) at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Issued: _____

Copy to:
Fethullah Gulen, Esq.
FGulen@seraphlegal.com
813-567-1230

Case 8:24-cv-00948-JLB-CPT   Document 1-2   Filed 04/19/24   Page 51 of 77 PageID 57   DIN: 8

IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY FLORIDA

Sean Allen
_____
                    **Plaintiff(s)**

-vs-

FSST Management Services, LLC, et al.,
_____
                    **Defendant(s)**

Case Number: _____

Division: _____

## SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE

STATE OF FLORIDA - NOTICE TO PLAINTIFF(s) AND DEFENDANT(s)

Plaintiff's Name(s) and Address(es):   Sean Allen
                                        c/o Fethullah Gulen, Esq.
                                        2124 W. Kennedy Blvd., Suite A, Tampa, FL 33606

Defendant's Name(s) and Address(es):   Clarity Services, Inc., c/o CT Corporation System
                                        1200 South Pine Island Rd.
                                        Plantation, FL 32301

YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at the:
Courtroom: _____, located at _____
on _____ at _____ for a PRETRIAL
CONFERENCE before the Honorable _____.

### IMPORTANT - READ CAREFULLY
### THE CASE WILL NOT BE TRIED AT THAT TIME
### DO NOT BRING WITNESSES - APPEAR IN PERSON OR BY ATTORNEY

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the Court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney at the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

Any business entity recognized under Florida law may be represented at any stage of the trial court proceedings by any principal of the business entity who has legal authority to bind the business entity or any employee authorized in writing by a principal of the business entity.  A principal is defined as being an officer, member, managing member, or partner of the business entity. Written authorization must be brought to the Pretrial Conference.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute; state what efforts have been

made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses; stipulate to the facts that will require no proof and will expedite the trial; and estimate how long it will take to try the case.

Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in imposition of costs and attorneys' fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the Court. The Court may or may not approve a payment plan and withhold judgment or execution or levy.

**RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any 1 or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suite may be filed, where payment is to be made.**

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff(s) attorney, if any.

Pursuant to Fla. Sm. Cl. Rule 7.100 regarding Counterclaims: If a defendant has a claim or setoff against a plaintiff that arises out of the same transaction or occurrence which is the subject matter of the plaintiff's claim, the counterclaim or setoff shall be filed not less than 5 days before the initial appearance date (pretrial conference), or within such time as the court designates, or it is abandoned. If a defendant has a claim or setoff against a plaintiff that does not arise out of the same transaction or occurrence which is the subject matter of the plaintiff's claim, then the counterclaim or setoff may be filed not less than 5 days before the initial appearance date (pretrial conference) or within such time as the court designates, and tried, providing that such permissive claim is within the jurisdiction of the court. Counterclaims and setoffs shall be filed in writing with the clerk of court and served on the plaintiff or to the attorney of the plaintiff if the plaintiff is represented by an attorney. If additional time is needed to prepare a defense, the court may continue the action.

A copy of the statement of claim shall be served with this summons/notice to appear.

Issued on _____.

(seal)

By: _____

Deputy Clerk

Office of Nikki Alvarez-Sowles, Esq.
Pasco County Clerk & Comptroller

NOTICE - Proper dress is required for court or you may be held in contempt or refused admittance. NO shorts, tank tops, undershirts, etc.

Small Claims Summons Notice to Appear
R10/16/20

## <u>FOR PROCEEDINGS BEFORE THE COURTS OF PASCO COUNTY</u>

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact either the Pasco County Customer Service Center, 8731 Citizens Drive, New Port Richey, FL 34654, (727) 847-2411 (V) or the Pasco County Risk Management Office, 7536 State Street, New Port Richey, FL 34654, (727) 847-8028 (V) at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Issued: _____

Copy to:
Fethullah Gulen, Esq.
FGulen@seraphlegal.com
813-567-1230

UNOFFICIAL DOCUMENT

IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY FLORIDA

Sean Allen
_____
              **Plaintiff(s)**

-vs-

FSST Management Services, LLC, et al.,
_____
              **Defendant(s)**

Case Number: _____ 2024SC001267SCAXES

Division: ____ V

## SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE

STATE OF FLORIDA - NOTICE TO PLAINTIFF(s) AND DEFENDANT(s)

Plaintiff's Name(s) and Address(es):
| Sean Allen |
| c/o Fethullah Gulen, Esq. |
| 2124 W. Kennedy Blvd., Suite A, Tampa, FL 33606 |

Defendant's Name(s) and Address(es):
| FSST Management, LLC c/o The Flandreau Santee Sioux Tribe |
| PO Box 305 |
| Flandreau, SD 57028 |

** SEE SECURITY

YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at the:
Courtroom: ____ ** , located at _____ 38053 LIVE OAK AVE. DADE CITY, FL 33523
on _____ 05/01/2024 _____ at _____ 3:00PM _____ for a PRETRIAL
CONFERENCE before the Honorable _____ JUDGE NATHE _____.

### IMPORTANT - READ CAREFULLY
### THE CASE WILL NOT BE TRIED AT THAT TIME
### DO NOT BRING WITNESSES - APPEAR IN PERSON OR BY ATTORNEY

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the Court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney at the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

Any business entity recognized under Florida law may be represented at any stage of the trial court proceedings by any principal of the business entity who has legal authority to bind the business entity or any employee authorized in writing by a principal of the business entity.  A principal is defined as being an officer, member, managing member, or partner of the business entity. Written authorization must be brought to the Pretrial Conference.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute; state what efforts have been

Small Claims Summons Notice to Appear

made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses; stipulate to the facts that will require no proof and will expedite the trial; and estimate how long it will take to try the case.

Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in imposition of costs and attorneys' fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the Court. The Court may or may not approve a payment plan and withhold judgment or execution or levy.

**RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any 1 or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suite may be filed, where payment is to be made.**

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff(s) attorney, if any.

Pursuant to Fla. Sm. Cl. Rule 7.100 regarding Counterclaims: If a defendant has a claim or setoff against a plaintiff that arises out of the same transaction or occurrence which is the subject matter of the plaintiff's claim, the counterclaim or setoff shall be filed not less than 5 days before the initial appearance date (pretrial conference), or within such time as the court designates, or it is abandoned. If a defendant has a claim or setoff against a plaintiff that does not arise out of the same transaction or occurrence which is the subject matter of the plaintiff's claim, then the counterclaim or setoff may be filed not less than 5 days before the initial appearance date (pretrial conference) or within such time as the court designates, and tried, providing that such permissive claim is within the jurisdiction of the court. Counterclaims and setoffs shall be filed in writing with the clerk of court and served on the plaintiff or to the attorney of the plaintiff if the plaintiff is represented by an attorney. If additional time is needed to prepare a defense, the court may continue the action.

A copy of the statement of claim shall be served with this summons/notice to appear.

Issued on _____ March 5, 2024 _____.

Nikki Alvarez-Sowles
Pasco County Clerk & Comptroller
2024SC0012675/CA&S 03-05-2024 09:08 AM
Deputy Clerk: Katlyn Gordon

(seal)

Office of Nikki Alvarez-Sowles, Esq.
Pasco County Clerk & Comptroller

NOTICE - Proper dress is required for court or you may be held in contempt or refused admittance. NO shorts, tank tops, undershirts, etc.

## FOR PROCEEDINGS BEFORE THE COURTS OF PASCO COUNTY

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact either the Pasco County Customer Service Center, 8731 Citizens Drive, New Port Richey, FL 34654, (727) 847-2411 (V) or the Pasco County Risk Management Office, 7536 State Street, New Port Richey, FL 34654, (727) 847-8028 (V) at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Issued: _____

Copy to:
Fethullah Gulen, Esq.
FGulen@seraphlegal.com
813-567-1230

# IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
# IN AND FOR PASCO COUNTY FLORIDA

Sean Allen
_____
**Plaintiff(s)**

-vs-

FSST Management Services, LLC, et al.,
_____
**Defendant(s)**

Case Number: ____2024SC001267SCAXES____

Division: __V____

## SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE

STATE OF FLORIDA - NOTICE TO PLAINTIFF(s) AND DEFENDANT(s)

Plaintiff's Name(s) and Address(es):

Sean Allen
c/o Fethullah Gulen, Esq.
2124 W. Kennedy Blvd., Suite A, Tampa, FL 33606

Defendant's Name(s) and Address(es):

Lead Bank c/o Joshua Rowland
1801 Main St
Kansas City, MO 64108

**\*\* SEE SECURITY**

YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at the:
Courtroom: ____\*\*____, located at ____38053 LIVE OAK AVE. DADE CITY, FL 33523____
on ____05/01/2024____ at ____3:00PM____ for a PRETRIAL
CONFERENCE before the Honorable ____JUDGE NATHE____.

## IMPORTANT - READ CAREFULLY
## THE CASE WILL NOT BE TRIED AT THAT TIME
## DO NOT BRING WITNESSES - APPEAR IN PERSON OR BY ATTORNEY

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the Court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney at the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

<u>Any business entity recognized under Florida law may be represented at any stage of the trial court proceedings by any principal of the business entity who has legal authority to bind the business entity or any employee authorized in writing by a principal of the business entity. A principal is defined as being an officer, member, managing member, or partner of the business entity.</u> Written authorization must be brought to the Pretrial Conference.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute; state what efforts have been

made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses; stipulate to the facts that will require no proof and will expedite the trial; and estimate how long it will take to try the case.

Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in imposition of costs and attorneys' fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the Court. The Court may or may not approve a payment plan and withhold judgment or execution or levy.

**RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any 1 or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suite may be filed, where payment is to be made.**

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff(s) attorney, if any.

Pursuant to Fla. Sm. Cl. Rule 7.100 regarding Counterclaims: If a defendant has a claim or setoff against a plaintiff that arises out of the same transaction or occurrence which is the subject matter of the plaintiff's claim, the counterclaim or setoff shall be filed not less than 5 days before the initial appearance date (pretrial conference), or within such time as the court designates, or it is abandoned. If a defendant has a claim or setoff against a plaintiff that does not arise out of the same transaction or occurrence which is the subject matter of the plaintiff's claim, then the counterclaim or setoff may be filed not less than 5 days before the initial appearance date (pretrial conference) or within such time as the court designates, and tried, providing that such permissive claim is within the jurisdiction of the court. Counterclaims and setoffs shall be filed in writing with the clerk of court and served on the plaintiff or to the attorney of the plaintiff if the plaintiff is represented by an attorney. If additional time is needed to prepare a defense, the court may continue the action.

A copy of the statement of claim shall be served with this summons/notice to appear.

Issued on _____ March 5, 2024 _____.

(seal)

Nikki Alvarez-Sowles
Pasco County Clerk & Comptroller
2024SC001267SCAXES 03-05-2024 09:10 AM
Deputy Clerk: Katlyn Carmine

Office of Nikki Alvarez-Sowles, Esq.
Pasco County Clerk & Comptroller

NOTICE – Proper dress is required for court or you may be held in contempt or refused admittance. NO shorts, tank tops, undershirts, etc.

Small Claims Summons Notice to Appear
R10/16/20

## FOR PROCEEDINGS BEFORE THE COURTS OF PASCO COUNTY

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact either the Pasco County Customer Service Center, 8731 Citizens Drive, New Port Richey, FL 34654, (727) 847-2411 (V) or the Pasco County Risk Management Office, 7536 State Street, New Port Richey, FL 34654, (727) 847-8028 (V) at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Issued: _____

Copy to:
Fethullah Gulen, Esq.
FGulen@seraphlegal.com
813-567-1230

Case 8:24-cv-00948-JLB-CPT   Document 1-2   Filed 04/19/24   Page 60 of 77 PageID 66   DIN: 11

IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY FLORIDA

Sean Allen
_____
**Plaintiff(s)**

-vs-

FSST Management Services, LLC, et al.,
_____
**Defendant(s)**

Case Number: ____2024SC001267SCAXES____

Division: __V__

## SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE

### STATE OF FLORIDA - NOTICE TO PLAINTIFF(s) AND DEFENDANT(s)

Plaintiff's Name(s) and Address(es):

Sean Allen
c/o Fethullah Gulen, Esq.
2124 W. Kennedy Blvd., Suite A, Tampa, FL 33606

Defendant's Name(s) and Address(es):

Dustin A. Dernier
4313 Hickory Lane
Blue Springs, MO 64015

** SEE SECURITY

YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at the:
Courtroom: ____**____, located at ____38053 LIVE OAK AVE. DADE CITY, FL 33523____
on ____05/01/2024____ at ____3:00PM____ for a PRETRIAL
CONFERENCE before the Honorable ____JUDGE NATHE____.

### IMPORTANT - READ CAREFULLY
### THE CASE WILL NOT BE TRIED AT THAT TIME
### DO NOT BRING WITNESSES - APPEAR IN PERSON OR BY ATTORNEY

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the Court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney at the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

Any business entity recognized under Florida law may be represented at any stage of the trial court proceedings by any principal of the business entity who has legal authority to bind the business entity or any employee authorized in writing by a principal of the business entity.  A principal is defined as being an officer, member, managing member, or partner of the business entity. Written authorization must be brought to the Pretrial Conference.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute; state what efforts have been

Small Claims Summons Notice to Appear

made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses; stipulate to the facts that will require no proof and will expedite the trial; and estimate how long it will take to try the case.

Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in imposition of costs and attorneys' fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the Court. The Court may or may not approve a payment plan and withhold judgment or execution or levy.

**RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any 1 or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suite may be filed, where payment is to be made.**

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff(s) attorney, if any.

Pursuant to Fla. Sm. Cl. Rule 7.100 regarding Counterclaims: If a defendant has a claim or setoff against a plaintiff that arises out of the same transaction or occurrence which is the subject matter of the plaintiff's claim, the counterclaim or setoff shall be filed not less than 5 days before the initial appearance date (pretrial conference), or within such time as the court designates, or it is abandoned. If a defendant has a claim or setoff against a plaintiff that does not arise out of the same transaction or occurrence which is the subject matter of the plaintiff's claim, then the counterclaim or setoff may be filed not less than 5 days before the initial appearance date (pretrial conference) or within such time as the court designates, and tried, providing that such permissive claim is within the jurisdiction of the court. Counterclaims and setoffs shall be filed in writing with the clerk of court and served on the plaintiff or to the attorney of the plaintiff if the plaintiff is represented by an attorney. If additional time is needed to prepare a defense, the court may continue the action.

A copy of the statement of claim shall be served with this summons/notice to appear.

Issued on _____ March 5, 2024 _____ .

(seal)

Nikki Alvarez-Sowles
Pasco County Clerk & Comptroller
20245C00126/SCA/ES 03-05-2024 09:12 AM
Deputy Clerk: Katlyn Denoline

Office of Nikki Alvarez-Sowles, Esq.
Pasco County Clerk & Comptroller

NOTICE - Proper dress is required for court or you may be held in contempt or refused admittance. NO shorts, tank tops, undershirts, etc.

## <u>FOR PROCEEDINGS BEFORE THE COURTS OF PASCO COUNTY</u>

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact either the Pasco County Customer Service Center, 8731 Citizens Drive, New Port Richey, FL 34654, (727) 847-2411 (V) or the Pasco County Risk Management Office, 7536 State Street, New Port Richey, FL 34654, (727) 847-8028 (V) at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Issued: _____

Copy to:

Fethullah Gulen, Esq.

FGulen@seraphlegal.com

813-567-1230

IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY FLORIDA

Sean Allen
_____
**Plaintiff(s)**

-VS-

FSST Management Services, LLC, et al.,
_____
**Defendant(s)**

Case Number: _____2024SC001267SCAXES_____

Division: ___V___

## SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE

STATE OF FLORIDA - NOTICE TO PLAINTIFF(s) AND DEFENDANT(s)

Plaintiff's Name(s) and Address(es):   Sean Allen
c/o Fethullah Gulen, Esq.
2124 W. Kennedy Blvd., Suite A, Tampa, FL 33606

Defendant's Name(s) and Address(es):   Velocity Ventures Group, LLC c/o Corporate Creations Network, Inc.
8275 South Eastern Avenue, #200
Las Vegas, NV 89123

** SEE SECURITY

YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at the:
Courtroom: _____**_____ , located at _____38053 LIVE OAK AVE. DADE CITY, FL 33523_____
on _____05/01/2024_____ at _____3:00PM_____ for a PRETRIAL
CONFERENCE before the Honorable _____JUDGE NATHE_____ .

### IMPORTANT - READ CAREFULLY
### THE CASE WILL NOT BE TRIED AT THAT TIME
### DO NOT BRING WITNESSES - APPEAR IN PERSON OR BY ATTORNEY

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the Court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney at the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

Any business entity recognized under Florida law may be represented at any stage of the trial court proceedings by any principal of the business entity who has legal authority to bind the business entity or any employee authorized in writing by a principal of the business entity.  A principal is defined as being an officer, member, managing member, or partner of the business entity. Written authorization must be brought to the Pretrial Conference.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute; state what efforts have been

made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses; stipulate to the facts that will require no proof and will expedite the trial; and estimate how long it will take to try the case.

Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in imposition of costs and attorneys' fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the Court. The Court may or may not approve a payment plan and withhold judgment or execution or levy.

**RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any 1 or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suite may be filed, where payment is to be made.**

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff(s) attorney, if any.

Pursuant to Fla. Sm. Cl. Rule 7.100 regarding Counterclaims: If a defendant has a claim or setoff against a plaintiff that arises out of the same transaction or occurrence which is the subject matter of the plaintiff's claim, the counterclaim or setoff shall be filed not less than 5 days before the initial appearance date (pretrial conference), or within such time as the court designates, or it is abandoned. If a defendant has a claim or setoff against a plaintiff that does not arise out of the same transaction or occurrence which is the subject matter of the plaintiff's claim, then the counterclaim or setoff may be filed not less than 5 days before the initial appearance date (pretrial conference) or within such time as the court designates, and tried, providing that such permissive claim is within the jurisdiction of the court. Counterclaims and setoffs shall be filed in writing with the clerk of court and served on the plaintiff or to the attorney of the plaintiff if the plaintiff is represented by an attorney. If additional time is needed to prepare a defense, the court may continue the action.

A copy of the statement of claim shall be served with this summons/notice to appear.

Issued on _____.
March 5, 2024

*[seal]*    *[signature]* Nikki Alvarez-Sowles
Pasco County Clerk & Comptroller
2024SC001267SCAXES 03-05-2024 09:14 AM
Deputy Clerk: Katlyn Cassidine

(seal)

Office of Nikki Alvarez-Sowles, Esq.
Pasco County Clerk & Comptroller

<u>NOTICE</u> - Proper dress is required for court or you may be held in contempt or refused admittance. NO shorts, tank tops, undershirts, etc.

Small Claims Summons Notice to Appear
R10/16/20

## <u>FOR PROCEEDINGS BEFORE THE COURTS OF PASCO COUNTY</u>

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact either the Pasco County Customer Service Center, 8731 Citizens Drive, New Port Richey, FL 34654, (727) 847-2411 (V) or the Pasco County Risk Management Office, 7536 State Street, New Port Richey, FL 34654, (727) 847-8028 (V) at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Issued: _____

Copy to:
Fethullah Gulen, Esq.
FGulen@seraphlegal.com
813-567-1230

Case 8:24-cv-00948-JLB-CPT    Document 1-2    Filed 04/19/24    Page 66 of 77 PageID 72    DIN: 13

IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY FLORIDA

Sean Allen
_____
**Plaintiff(s)**

-VS-

FSST Management Services, LLC, et al.,
_____
**Defendant(s)**

Case Number: _____ 2024SC001267SCAXES _____

Division: ___ V ___

## SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE

STATE OF FLORIDA - NOTICE TO PLAINTIFF(s) AND DEFENDANT(s)

Plaintiff's Name(s) and Address(es):

Sean Allen
c/o Fethullah Gulen, Esq.
2124 W. Kennedy Blvd., Suite A, Tampa, FL 33606

Defendant's Name(s) and Address(es):

Clarity Services, Inc., c/o CT Corporation System
1200 South Pine Island Rd.
Plantation, FL 32301

** SEE SECURITY

YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at the:
Courtroom: ____**____, located at _____ 38053 LIVE OAK AVE. DADE CITY, FL 33523 _____
on _____ 05/01/2024 _____ at ____ 3:00PM ____ for a PRETRIAL
CONFERENCE before the Honorable _____ JUDGE NATHE _____.

### IMPORTANT - READ CAREFULLY
### THE CASE WILL NOT BE TRIED AT THAT TIME
### DO NOT BRING WITNESSES - APPEAR IN PERSON OR BY ATTORNEY

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the Court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney at the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

Any business entity recognized under Florida law may be represented at any stage of the trial court proceedings by any principal of the business entity who has legal authority to bind the business entity or any employee authorized in writing by a principal of the business entity. A principal is defined as being an officer, member, managing member, or partner of the business entity. Written authorization must be brought to the Pretrial Conference.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute; state what efforts have been

made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses; stipulate to the facts that will require no proof and will expedite the trial; and estimate how long it will take to try the case.

Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in imposition of costs and attorneys' fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the Court. The Court may or may not approve a payment plan and withhold judgment or execution or levy.

**RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any 1 or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suite may be filed, where payment is to be made.**

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff(s) attorney, if any.

Pursuant to Fla. Sm. Cl. Rule 7.100 regarding Counterclaims: If a defendant has a claim or setoff against a plaintiff that arises out of the same transaction or occurrence which is the subject matter of the plaintiff's claim, the counterclaim or setoff shall be filed not less than 5 days before the initial appearance date (pretrial conference), or within such time as the court designates, or it is abandoned. If a defendant has a claim or setoff against a plaintiff that does not arise out of the same transaction or occurrence which is the subject matter of the plaintiff's claim, then the counterclaim or setoff may be filed not less than 5 days before the initial appearance date (pretrial conference) or within such time as the court designates, and tried, providing that such permissive claim is within the jurisdiction of the court. Counterclaims and setoffs shall be filed in writing with the clerk of court and served on the plaintiff or to the attorney of the plaintiff if the plaintiff is represented by an attorney. If additional time is needed to prepare a defense, the court may continue the action.

A copy of the statement of claim shall be served with this summons/notice to appear.

Issued on _____  March 5, 2024  _____.

Nikki Alvarez-Sowles
Pasco County Clerk & Comptroller
2024SC001267SCAXES 03-05-2024 09:16 AM
Deputy Clerk: Kaitlyn Oxendine

(seal)

Office of Nikki Alvarez-Sowles, Esq.
Pasco County Clerk & Comptroller

NOTICE - Proper dress is required for court or you may be held in contempt or refused admittance. NO shorts, tank tops, undershirts, etc.

Small Claims Summons Notice to Appear
R10/16/20

## FOR PROCEEDINGS BEFORE THE COURTS OF PASCO COUNTY

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact either the Pasco County Customer Service Center, 8731 Citizens Drive, New Port Richey, FL 34654, (727) 847-2411 (V) or the Pasco County Risk Management Office, 7536 State Street, New Port Richey, FL 34654, (727) 847-8028 (V) at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Issued: _____

Copy to:
Fethullah Gulen, Esq.
FGulen@seraphlegal.com
813-567-1230

## AFFIDAVIT OF SERVICE

| Case:<br>2024SC001267SCAXES | Court:<br>In The County Court of the Sixth Judicial Circuit | County:<br>Pasco, FL | Job:<br>10557376 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>Sean Allen | | Defendant / Respondent:<br>FSST Management Services, LLC, et al. | |
| Received by:<br>LV Investigations, Inc. d/b/a Action Process Service of NV | | For:<br>Seraph Legal PA | |
| To be served upon:<br>Velocity Ventures Group, LLC | | | |

I, Timothy Madison, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:  Marcie Wyatt, Company: C/O Corprate Creations Network, Inc. (Registered Agent) 8275 S. Eastern Ave.
                                            Ste.#200, Las Vegas, NV 89123
Manner of Service:              Registered Agent, Mar 7, 2024, 9:05 am PST
Documents:                        Summons/Notice to Appear For Pretrial Conference, and Complaint & Jury Trial Demand (Received Mar 5, 2024
                                            at 12:00pm PST)

Additional Comments:
1) Successful Attempt: Mar 7, 2024, 9:05 am PST at Company: C/O Corprate Creations Network, Inc. (Registered Agent) 8275 S. Eastern Ave.
Ste.#200, Las Vegas, NV 89123 received by Marcie Wyatt. Age: 40; Ethnicity: Caucasian; Gender: Female; Weight: 200; Height: 5'6"; Hair: Red;
Eyes: Brown;
Left papers with the receptionist Marcie Wyatt

I being duly sworn, states; that all times herein, Affiant was and is a citizen of the United States, over 18 years of age, not a party or interested in the proceedings in which this Affidavit is made.
If executed in the State: "I declare under penalty of perjury that the foregoing is true and correct."
Executed on 03/07/2024

_____                          _____
                                                                 03/07/2024
Timothy Madison                                              Date
R-2020-03150

LV Investigations, Inc. d/b/a Action Process Service of NV
7345 S. Durango Dr. Ste.#B107-179
Las Vegas, Nevada 89113
702-309-7378

## RETURN OF SERVICE

State of Florida                    County of PASCO                    COUNTY Court

Case Number: 2024SC001267SCAXES    Court Date: 5/1/2024  3:00 pm

Plaintiffs:
**SEAN ALLEN**

vs.

Defendant:
**FSST MANAGEMENT SERVICES, LLC, ET AL.**

For:
FETHULLAH GULEN
SERAPH LEGAL, P.A.
2124 W. KENNEDY BLVD., SUITE A
TAMPA, FL 33606

Received by Nolan Process Servers, LLC on the 5th day of March, 2024 at 1:21 pm to be served on
**CLARITY SERVICES, INC. C/O CT CORPORATION SYSTEM, INC., AS REG. AGENT, 1200 SOUTH PINE
ISLAND ROAD, PLANTATION, FL 33324**

I, Francisco X. Carreras, do hereby affirm that on the **8th day of March, 2024** at **2:50 pm, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **SUMMONS/NOTICE TO APPEAR FOR
PRETRIAL CONFERENCE; COMPLAINT & JURY TRIAL DEMAND WITH EXHIBIT(S)** with the date and
hour of service endorsed thereon by me, to: **Donna Moch as Registered Agent** at the address of: **1200
SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324** on behalf of **CLARITY SERVICES, INC.**, and
informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 55+, Sex: F, Race/Skin Color: White, Height: 5'5", Weight: 140, Hair:
Brown, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process
Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury I
declare I have read the foregoing Return of Service and that the facts stated are true. Notary not required
pursuant to F.S. 92.525(2). Electronically signed in accordance with FSS 48.21(1).

**Francisco X. Carreras**
#582

**Nolan Process Servers, LLC**
info@nolanprocessservers.com
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2024003476

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2n

Case 8:24-cv-00948-JLB-CPT   Document 1-2   Filed 04/19/24   Page 71 of 77 PageID 37

Filing # 195092336 E-Filed 03/01/2024 10:32:36 AM

| DELIVERED | 3/8/2024 2:50 PM | DIN: 13 |
|---|---|---|
| SERVER | JXC | |
| LICENSE | #582 | |

## IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
## IN AND FOR PASCO COUNTY FLORIDA

Sean Allen
_____
**Plaintiff(s)**

-vs-

FSST Management Services, LLC, et al.,
_____
**Defendant(s)**

Case Number: _____ 2024SC001267SCAXES

Division: ___ V ___

### SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE

STATE OF FLORIDA - NOTICE TO PLAINTIFF(s) AND DEFENDANT(s)

Plaintiff's Name(s) and Address(es):   Sean Allen
                                        c/o Fethullah Gulen, Esq.
                                        2124 W. Kennedy Blvd., Suite A, Tampa, FL 33606

Defendant's Name(s) and Address(es):   Clarity Services, Inc., c/o CT Corporation System
                                        1200 South Pine Island Rd.
                                        Plantation, FL 32301

                                                                        ** SEE SECURITY

YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at the:
Courtroom: _____**_____, located at _____ 38053 LIVE OAK AVE. DADE CITY, FL 33523 _____
on _____ 05/01/2024 _____ at _____ 3:00PM _____ for a PRETRIAL
CONFERENCE before the Honorable _____ JUDGE NATHE _____.

### IMPORTANT - READ CAREFULLY
### THE CASE WILL NOT BE TRIED AT THAT TIME
### DO NOT BRING WITNESSES - APPEAR IN PERSON OR BY ATTORNEY

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the Court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney at the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

Any business entity recognized under Florida law may be represented at any stage of the trial court proceedings by any principal of the business entity who has legal authority to bind the business entity or any employee authorized in writing by a principal of the business entity.  A principal is defined as being an officer, member, managing member, or partner of the business entity. Written authorization must be brought to the Pretrial Conference.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute; state what efforts have been

Small Claims Summons Notice to Appear

made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses; stipulate to the facts that will require no proof and will expedite the trial; and estimate how long it will take to try the case.

Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in imposition of costs and attorneys' fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the Court. The Court may or may not approve a payment plan and withhold judgment or execution or levy.

**RIGHT TO VENUE. The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any 1 or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where suite may be filed, where payment is to be made.**

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer or you must file a WRITTEN request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff(s) attorney, if any.

Pursuant to Fla. Sm. Cl. Rule 7.100 regarding Counterclaims: If a defendant has a claim or setoff against a plaintiff that arises out of the same transaction or occurrence which is the subject matter of the plaintiff's claim, the counterclaim or setoff shall be filed not less than 5 days before the initial appearance date (pretrial conference), or within such time as the court designates, or it is abandoned. If a defendant has a claim or setoff against a plaintiff that does not arise out of the same transaction or occurrence which is the subject matter of the plaintiff's claim, then the counterclaim or setoff may be filed not less than 5 days before the initial appearance date (pretrial conference) or within such time as the court designates, and tried, providing that such permissive claim is within the jurisdiction of the court. Counterclaims and setoffs shall be filed in writing with the clerk of court and served on the plaintiff or to the attorney of the plaintiff if the plaintiff is represented by an attorney. If additional time is needed to prepare a defense, the court may continue the action.

A copy of the statement of claim shall be served with this summons/notice to appear.

Issued on _____ March 5, 2024 _____.

Nikki Alvarez-Sowles
Pasco County Clerk & Comptroller
20145C2012575SLVFS 03-05-2024 09:16 AM
Deputy Clerk: Kaitlyn Cardno

(seal)

Office of Nikki Alvarez-Sowles, Esq.
Pasco County Clerk & Comptroller

NOTICE - Proper dress is required for court or you may be held in contempt or refused admittance. NO shorts, tank tops, undershirts, etc.

## <u>FOR PROCEEDINGS BEFORE THE COURTS OF PASCO COUNTY</u>

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact either the Pasco County Customer Service Center, 8731 Citizens Drive, New Port Richey, FL 34654, (727) 847-2411 (V) or the Pasco County Risk Management Office, 7536 State Street, New Port Richey, FL 34654, (727) 847-8028 (V) at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

Issued: _____

Copy to:
Fethullah Gulen, Esq. _____
FGulen@seraphlegal.com _____
813-567-1230 _____

## AFFIDAVIT OF SERVICE

| | | |
|---|---|---|
| State of Florida | County of Pasco | Circuit Court |

Case Number: 2024SC001267SCAXES   Court Date: 5/1/2024  3:00 pm

Plaintiff:
**SEAN ALLEN C/O FETHULLAH GULEN, ESQ**

vs.

Defendant:
**FSST MANAGEMENT SERVICES LLC ET AL**

POW2024003349

For:
Seraph Legal, P.A.
2124 W Kennedy Blvd Ste A
Tampa, FL 33606

Received by D & B Legal Service, LLC to be served on LEAD BANK C/O JOSHUA ROWLAND, 1801 MAIN ST, KANSAS CITY, MO 64108.

I, Scott Brady PPS24-0020, being duly sworn, depose and say that on the 8th day of March, 2024 at 3:37 pm, I:

served an AUTHORIZED entity by delivering a true copy of the Summons/Notice to appear for Pretrial Conference and Jury Trial Demanded with the date and hour of service endorsed thereon by me, to: EMILY BEDWA as BANKER   at the address of: 1801 MAIN ST, KANSAS CITY, MO 64108, who is authorized to accept service for   LEAD BANK.

Description of Person Served: Age: 35, Sex: F, Race/Skin Color: White, Height: 5'5", Weight: 130, Hair: Black, Glasses: Y

I certify that I am over the age of 18 and have no interest in the above action and the foregoing statements made by me are true and correct.

Subscribed and Sworn to before me on the 13th day of March, 2024

NOTARY PUBLIC

JAMES HANNAH
Notary Public - State of Kansas

**Scott Brady PPS24-0020**
Process Server

**D & B Legal Service, LLC**
5350 W 94th Ter Ste 206
Prairie Village, KS 66207
(913) 362-8110

Our Job Serial Number: POW-2024003349

Copyright © 1992-2024 DreamBuilt Software, Inc - Process Server's Toolbox V8.2n

Electronically Filed Pasco Case # 2024SC001267SCAXES 03/14/2024 01:52:15 PM

Filing # 193092336 E-Filed 03/01/2024 10:32:36 AM                                          DIN: 10

IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY FLORIDA

Sean Allen
_____
            Plaintiff(s)                        Case Number:  ___2024SC001267SCAXES___

        -vs-

FSST Management Services, LLC, et al .
_____
            Defendant(s)                        Division:  __V__

### SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE

STATE OF FLORIDA - NOTICE TO PLAINTIFF(s) AND DEFENDANT(s)

Plaintiff's Name(s) and Address(es):    Sean Allen
                                         c/o Fethullah Gulen, Esq.
                                         2124 W. Kennedy Blvd., Suite A, Tampa, FL 33606

Defendant's Name(s) and Address(es):    Lead Bank c/o Joshua Rowland
                                         1801 Main St
                                         Kansas City, MO 64108

                                                                    ** SEE SECURITY

YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at the:
Courtroom. ____**____, located at _____38053 LIVE OAK AVE  DADE CITY  FL 33523_____
on _____05/01/2024_____ at ____3:00PM____ for a PRETRIAL
CONFERENCE before the Honorable _____JUDGE NATHE_____ .

### IMPORTANT - READ CAREFULLY
### THE CASE WILL NOT BE TRIED AT THAT TIME
### DO NOT BRING WITNESSES - APPEAR IN PERSON OR BY ATTORNEY

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The
plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION
or ANSWER to the Court by the plaintiff(s) or the defendant(s) shall not excuse the personal
appearance of a party or its attorney at the PRETRIAL CONFERENCE. The date and time of the
pretrial conference CANNOT be rescheduled without good cause and prior court approval.

Any business entity recognized under Florida law may be represented at any stage of the trial court
proceedings by any principal of the business entity who has legal authority to bind the business entity
or any employee authorized in writing by a principal of the business entity.  A principal is defined as
being an officer, member, managing member, or partner of the business entity. Written authorization
must be brought to the Pretrial Conference.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or
part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if
the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to
confer with the court and to explain briefly the nature of your dispute: state what efforts have been

Small Claims Summons Notice to Appear

Electronically Filed Pasco Case # 2024SC001267SCAXES 03/01/2024 10:32:36 AM

## AFFIDAVIT OF SERVICE

| State of Florida | County of Pasco | Circuit Court |
|---|---|---|

Case Number: 2024SC001267SCAXES    Court Date: 5/1/2024  3:00 pm

Plaintiff:
**SEAN ALLEN**

vs.

Defendant:
**FSST MANAGEMENT SERVICES LLC ET AL**

POW2024003389

For:
Seraph Legal, P.A.
2124 W Kennedy Blvd Ste A
Tampa, FL 33606

Received by D & B Legal Service, LLC to be served on **DUSTIN A DERNIER, 4313 HICKORY LANE, BLUE SPRINGS, MO 64015.**

I, Moses Hicks IV PPS24-0056, being duly sworn, depose and say that on the 22nd day of March, 2024 at 7:55 pm, I:

**SUBSTITUTE** served by delivering a true copy of the **Summons/Notice to Appear for Pretrial Conference and Jury Trial Demanded** with the date and hour of service endorsed thereon by me, to: **MRS. DERNIER as WIFE** at the address of: **4313 HICKORY LANE, BLUE SPRINGS, MO 64015,** the within named person's usual place of **Abode,** who resides therein and who is of legal age.

**Description** of Person Served: Age: 40, Sex: F, Race/Skin Color: White, Height: 5'6", Weight: 145, Hair: Blonde, Glasses: N

I certify that I am over the age of 18 and have no interest in the above action and the foregoing statements made by me are t rue and correct.

Subscribed and Sworn to before me on the 5th day of
April, 2024

**Moses Hicks IV PPS24-0056**
Process Server

**D & B Legal Service, LLC**
**5350 W 94th Ter Ste 206**
**Prairie Village, KS 66207**
**(913) 362-8110**

Our Job Serial Number: POW-2024003389

NOTARY PUBLIC

JAMES HANNAH
Notary Public - State of Kansas
My Appt. Expires 8/23/2

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V8 2n

Filing # 193092336 E-Filed 03/01/2024 10:32:36 AM                    DIN: 11

### IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
### IN AND FOR PASCO COUNTY FLORIDA

Sean Allen
_____
             Plaintiff(s)               Case Number: ____2024SC001267SCAXES____
  -vs-
FSST Management Services, LLC. et al.
_____              Division: __V__
             Defendant(s)

## SUMMONS/NOTICE TO APPEAR FOR PRETRIAL CONFERENCE

STATE OF FLORIDA - NOTICE TO PLAINTIFF(s) AND DEFENDANT(s)

Plaintiff's Name(s) and Address(es):   Sean Allen
                                       c/o Fethullah Gulen, Esq.
                                       2124 W. Kennedy Blvd. Suite A, Tampa, FL 33606

Defendant's Name(s) and Address(es):   Dustin A. Dernier
                                       4313 Hickory Lane
                                       Blue Springs, MO 64015

                                                                    ** SEE SECURITY

YOU ARE HEREBY NOTIFIED that you are required to appear in person or by attorney at the:
Courtroom: _____ located at _____38053 LIVE OAK AVE. DADE CITY, FL 33523_____
on _____05/01/2024_____ at _____3:00PM_____ for a PRETRIAL
CONFERENCE before the Honorable _____JUDGE NATHE_____.

### IMPORTANT - READ CAREFULLY
### THE CASE WILL NOT BE TRIED AT THAT TIME
### DO NOT BRING WITNESSES - APPEAR IN PERSON OR BY ATTORNEY

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the Court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney at the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

Any business entity recognized under Florida law may be represented at any stage of the trial court proceedings by any principal of the business entity who has legal authority to bind the business entity or any employee authorized in writing by a principal of the business entity. A principal is defined as being an officer, member, managing member, or partner of the business entity. Written authorization must be brought to the Pretrial Conference.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute; state what efforts have been

Small Claims Summons Notice to Appear